UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2005-11090-MLW

**CHRISTOPHER ALVES,**
      **Plaintiff,**

v.

**ROBERT MURPHY,** *et al*,
      **Defendants.**


### ANSWER AND JURY CLAIM OF DEFENDANT
### ROBERT MURPHY AND JOHN RULL

Defendants Robert Murphy and John Rull (the "DOC Defendants"), by their undersigned counsel, hereby answer the allegations contained in the Plaintiff's Verified Complaint as follows:

### JURISDICTION

1.      Paragraph 1 contains mere statements and/or conclusions of law to which no response is required or given.

2.      Paragraph 2 contains mere statements and/or conclusions of law to which no response is required or given.

3.      Paragraph 3 contains mere statements and/or conclusions of law to which no response is required or given.

4.      Paragraph 4 contains mere statements and/or conclusions of law to which no response is required or given.

2

## VENUE

5.     Paragraph 5 contains mere statements and/or conclusions of law to which no response is required or given.

## PARTIES

6.     The DOC Defendants admit that the Plaintiff is an adult individual who is civilly committed for one day to life to the Massachusetts Treatment Center, pursuant to G.L. c. 123A, and that he is no longer serving a criminal sentence. The remaining allegations in paragraph 6 are conclusions of law which require no response.

7.     The DOC Defendants admit that Robert Murphy is the Superintendent of the Massachusetts Treatment Center ("Treatment Center"). The remaining allegations in paragraph 7 are conclusions of law which require no response.

8.     The DOC Defendant admit that John Rull is a captain at the Treatment Center. The remaining allegations in paragraph 8 are conclusions of law which require no response.

9.     The DOC Defendants admit that Stephen Corrigan is a former employee of Forensic Health Services ("FHS"), and admits that FHS contracts with the Massachusetts Department of Correction ("DOC") to provide sex offender treatment services at the Treatment Center. The remaining allegations in paragraph 9 are conclusions of law which require no response.

## HISTORY OF THE TREATMENT CENTER AND THE PREVIOUS FEDERAL CONSENT DECREE LITIGATION

10.    The DOC Defendants admit the allegations contained in paragraph 10.

11.    The DOC Defendants admit the allegations contained in paragraph 11.

3

12. The DOC Defendants admit the allegations contained in paragraph 12.

13. The DOC Defendants admit the allegations contained in paragraph 13.

14. The DOC Defendants admit the allegations contained in paragraph 14.

15. The DOC Defendants admit the allegations contained in paragraph 15.

16. The DOC Defendants admit the allegations contained in paragraph 16.

17. The DOC Defendants admit the allegations contained in paragraph 17.

18. The DOC Defendants admit the allegations contained in paragraph 18.

19. The DOC Defendants admit the allegations contained in paragraph 19.

**RELEVANT FACTS**

20. The DOC Defendants admit that the main building at the Treatment Center contains 4 units, A1, A2, B1, B2, C1, C2, D1, and D2, and that A1, B1, C1, and D1 contain 24 rooms each, and that A2, B2, C2, and D2 each contain 30 rooms. The DOC Defendants also admit that the maximum capacity for single-bunking residents is 216. The DOC Defendants deny the remaining allegations contained in paragraph 20.

21. The DOC Defendants admit that the Treatment Center currently houses Sexually Dangerous Persons ("SDP's") committed prior to 1990, SDP's committed subsequent to 1999, residents temporarily committed pursuant to G.L. c. 123A, §§ 12-14, and State Prison Inmates ("SPI's"), who are serving state criminal sentences and participating in sex offender treatment. The DOC Defendants deny the remaining allegations contained in paragraph 21.

22. The DOC Defendants admit that double bunking has been instituted at the Treatment Center, including the double bunking of SDP's. The DOC Defendants deny the remaining

4

allegations contained in paragraph 22.

23.     The DOC Defendants admit that when the Amended Management Plan was submitted the double bunking of SDP's was not contemplated at that time. The DOC Defendants also admit that any future double bunking would be in accordance with the protocols contained in the original Management Plan. The DOC Defendants deny the remaining allegations contained in paragraph 23.

24.     The DOC Defendants admit that the original Management Plan contains protocols for the implementation of double bunking, should it become necessary. The DOC defendants deny the remaining allegations contained in paragraph 24.

25.     The DOC Defendants admit that the original Management Plan provides for a two phase system for addressing the need to double bunk, and that under the second phase both security and clinical assessments would be conducted. The DOC Defendants deny the remaining allegations contained in paragraph 25.

26.     The DOC Defendants admit that the provisions of both the Management Plan and the Amended Management Plan were approved by this Court.

27.     The DOC Defendants admit that Defendant Rull and Defendant Corrigan conducted an interview with the Plaintiff on January 29, 2004 as part of the assessment protocol set forth in the Management Plan.

28.     The DOC Defendants admit the allegations contained in paragraph 28.

29.     The DOC defendants admit that resident John McIntyre was convicted of rape of a child, and that he has escaped from the Treatment Center's lower security housing.

5

30. The DOC Defendants admit the Plaintiff requested to be double bunked with either residents March or Parker, and deny the remaining allegations contained in paragraph 30.

31. The DOC Defendants admit that, during the assessment interview, residents are told that, should they be deemed an appropriate candidate for double bunking and refuse to do so, they will be subject to removal from the general population, placed in the minimum privilege unit, and given an Observation of Behavior Report. To the extent further answer is required, the DOC Defendants deny the remaining allegations contained in paragraph 31.

32. The DOC Defendants admit that on May 13, 2004, the plaintiff approached Defendant Rull and raised concerns for the first time about his roommate, John McIntyre, that the Plaintiff alleged that McIntyre had lifted up his sheets, and that Plaintiff believed McIntyre may have placed a foreign substance in Plaintiff's sandwich. To the extent further answer is required, the DOC Defendants deny the remaining allegations contained in paragraph 27.

33. The DOC Defendants admit the allegations contained in paragraph 33.

34. The DOC Defendants admit the allegations contained in paragraph 34 in so far as the Plaintiff made a written demand upon the Commonwealth in accordance with G.L. c. 258, § 4. With regard to the remaining allegations contained in paragraph 34, the DOC Defendants state that the exhibit appended to the Plaintiff's complaint speaks for itself.

35. The DOC Defendants admit the allegations contained in paragraph 35.

36. The DOC Defendants deny the allegations contained in paragraph 36.

37. The DOC Defendants deny the allegations contained in paragraph 37.

38. The DOC Defendants deny the allegations contained in paragraph 38.

6

39.     The DOC Defendants deny the allegations contained in paragraph 39.

40.     The DOC Defendants deny the allegations contained in paragraph 40.

41.     The DOC Defendants deny the allegations contained in paragraph 41.

42.     The DOC Defendants deny the allegations contained in paragraph 42.

43.     The DOC Defendants deny the allegations contained in paragraph 43.

44.     The DOC Defendants admit that, as part of the Amended Management Plan, the Federal Court approved additional property for pre-1990 SDP's. Those documents speak for themselves. The DOC Defendants deny the remaining allegations contained in paragraph 44.

45.     The DOC Defendants deny the allegations contained in paragraph 45.

46.     The DOC Defendants deny the allegations contained in paragraph 46.

47.     Paragraph 47 contains mere statements and/or conclusions of law to which no response is required or given. To the extent that an answer is deemed to be required, the DOC Defendant deny the allegations contained in paragraph 47.

48.     The DOC Defendants deny the allegations contained in paragraph 48.

## CAUSES OF ACTION

49.     The DOC Defendants restate their responses to paragraphs 1 through 48 and incorporate those responses herein.

50.     The DOC Defendants admit that at all times relevant hereto they were persons acting under the color of law. The DOC Defendants deny the remaining allegations contained in paragraph 50.

51.     The DOC Defendants deny the allegations contained in paragraph 51.

52.     The DOC Defendants deny the allegations contained in paragraph 52.

7

53. The DOC Defendants deny the allegations contained in paragraph 53.

54. The DOC Defendants deny the allegations contained in paragraph 54.

## PRAYERS FOR RELIEF

The DOC Defendants deny that the Plaintiff is entitled to any relief, whether requested or not. The DOC Defendants further respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint and award the defendant damages, costs, and attorney's fees.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief may be granted against the DOC Defendants.

## SECOND AFFIRMATIVE DEFENSE

The DOC Defendants are entitled to the protection of qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

The DOC Defendants at all times acted reasonably, in good faith, within their official discretion and not in disregard of settled principles of constitutional law with respect to all matters alleged in the Plaintiff's Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Because of his own acts or omissions, the Plaintiff is estopped from raising any of the claims he may have against the DOC Defendants for any claims set forth in his Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The DOC Defendants are entitled to sovereign immunity.

8

### SIXTH AFFIRMATIVE DEFENSE

The DOC Defendants are immune from liability.

### SEVENTH AFFIRMATIVE DEFENSE

The DOC Defendants were justified in their acts and conduct and, therefore, are not liable to the Plaintiff as alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

The DOC Defendants have not violated any clearly established rights of the Plaintiff and, consequently, are immune from liability.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff cannot recover on the claims set forth in the Complaint as the DOC Defendants are immune from liability for damages for acts committed in their official capacity.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff cannot recover on the claims set forth in his Complaint as the DOC Defendants are entitled to absolute immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

The DOC Defendants are not liable to the Plaintiff under the theory of Respondeat Superior.

### TWELFTH AFFIRMATIVE DEFENSE

The DOC Defendants hereby give notice that they intend to rely upon such other and further defenses that may become available or apparent during the course of this case, and hereby reserve the right to amend their Answer to assert any such defense.

9

## JURY DEMAND

The DOC Defendants demand a trial by jury on all issues so triable.

>    Respectfully Submitted,
>    DOC Defendants Robert Murphy and John Rull
>    By their Attorney
>
>    NANCY ANKERS WHITE
>    Special Assistant Attorney General

by:   /s/ Brian P. Mansfield
>    Brian P. Mansfield, Counsel
>    Department of Correction
>    Massachusetts Treatment Center
>    30 Administration Road
>    Bridgewater, Massachusetts 02324
>    Telephone:  (508) 279-8180
>    Facsimile :  (508) 279-8181
>    BBO Number 564671

Dated: April 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I did this day serve a photocopy of the above document upon the Plaintiff by Regular Mail, postage prepaid.

>    /s/ Brian P. Mansfield___
Dated: April 14, 2006        Brian P. Mansfield