UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPHER ALVES,
    Plaintiff,

vs.

ROBERT MURPHY, Superintendent, et al.,
    Defendant's.

C.A.No.05-11090-RBC.

## AFFIDAVIT OF THE PLAINTIFF, CHRISTOPHER ALVES

I, Christopher Alves, being duly sworn, deposes and states as follows:

1) That I am the plaintiff in the above-referenced matter, having personal knowledge of all facts and circumstances in this matter makes this Affidavit in Support of my Motion for the Appointment of Counsel.

2) The Complaint in this case alleges that: (a) this Court in a previous action, in terminating (then) existing consent decrees, approved and allowed the Department of Corrrection ("DOC") to implement an extensive Management Plan, which encompassed all aspects of life at the Massachusetts Treatment Center ("MTC"); (b) the Management Plan did not contemplate double bunking of residents. However, if double-bunking became necessary in the future, protocol's were put in place by this court to protect resident's rights in housing and double-bunking; (c) with the reenactment of civil commits, the MTC has faced a serious overcrowding issue, forcing the defendant's to implement double bunking; (d) the protocol's for double-bunking are routinely disregarded; (e) no attempt has been made by the defendant's to relieve the overcrowding prior to implementing double-bunking; (f) passive residents are knowingly double-bunked with aggressive

residents; (g) known homosexual residents are double-bunked with other known homosexual residents; (h) residents who are compliant with treatment, rules and regulations are housed and double-bunked with non-compliant residents; (i) residents complaints while double-bunked are disregarded; (j) residents who refuse to be double-bunked are threatened with removal from the general population pending behavioral proceedings, while deprived of treatment; (k) plaintiff himself was forced to double-bunk with another resident against his will, which resident was sexually attracted to plaintiff and has engaged in homosexual behaviors in the past. And as a result, was subjected to being sexually harassed while doubl-bunked; and (l) since the implementation of double-bunking, there has been an increase in sexual activity among residents, physical altercations, strongarming, extortion, hostility, and other harmful elicit activities between residents. All of which is counter-productive and inhibits the treatment process.

    3) This is a complex case because it contains several different legal claims, affecting not just the plaintiff, but potentially all civilly-committed residents at the MTC.

    4) This case involves questions regarding the suitability of double-bunking persons declared to be sexually danagerous.

    5) This case will require discovery and depositions of a number of witnesses, staff, as well as residents alike.

    6) The testimony will be in sharp conflict, since the plaintiff, and other Treatment Center residents alleges that double bunking is unsuitable and harmful to the resident population and inhibits the treatment process.

    7) Plaintiff is unfamiliar with the law and holy dependent

-3-

upon another legal oriented resident to represent his interests in this case. While the defendant's have at their access a pool of experienced attorney's, research assistants, access to witnesses, unlimited funds, and a legal data base far superior to that wwhich plaintiff has access to in the Treatment Center's law library.

8) The plaintiff is in the care and custody of the DOC. Civilly committed at the MTC. For this reason he has very limited funds, access to legal materials, no ability to investigate the facts of this case, nor is he able to retain counsel, or has been able to obtain the assistance of counsel pro bono.

9) As set forth in the Memorandum of Law in Support of Plaintiff's Opposition to DOC Defendants' Memorandum of Law in Support of Their First Affirmative Defense-Failure to State a Claim, submitted with this Motion, these facts, along with the legal merits of the plaintiff's claims, support the courts appointment of counsel.

WHEREFORE, the plaintiff's Motion for Appointment of Counsel should be GRANTED.

Signed under the pains and penalties of perjury this ___5th___ day of January, 2007.

_____
Christopher Alves, #M-81271
Plaintiff/Pro-se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, Mass. 02324