UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2005-11090-MLW

CHRISTOPHER ALVES,
    Plaintiff,

v.

ROBERT MURPHY, *et al.*,
    Defendants.

## ANSWER AND JURY CLAIM OF DEFENDANT STEPHEN CORRIGAN

Defendant Stephen Corrigan (hereinafter the "Defendant"), by his undersigned counsel, hereby answers the allegations contained in the Plaintiff's Verified Complaint as follows:

### JURISDICTION

1. Paragraph 1 contains mere statements and/or conclusions of law to which no response is required or given.

2. Paragraph 2 contains mere statements and/or conclusions of law to which no response is required or given.

3. Paragraph 3 contains mere statements and/or conclusions of law to which no response is required or given.

4. Paragraph 4 contains mere statements and/or conclusions of law to which no response is required or given.

### VENUE

5. Paragraph 5 contains mere statements and/or conclusions of law to which no response is required or given.

1

## PARTIES

6.      The Defendant admits that the Plaintiff is an adult individual who is civilly committed for one day to life to the Massachusetts Treatment Center, pursuant to M.G.L. c. 123A, and that he is no longer serving a criminal sentence.  The remaining allegations in paragraph 6 are conclusions of law which require no response.

7.      The Defendant admits that Robert Murphy is the Superintendent of the Massachusetts Treatment Center ("Treatment Center").  The remaining allegations in paragraph 7 are conclusions of law which require no response.

8.      The Defendant admits that John Rull is a captain at the Treatment Center.  The remaining allegations in paragraph 8 are conclusions of law which require no response.

9.      The Defendant admits that the Defendant is a former employee of Forensic Health Services ("FHS"), and admits that FHS contracts with the Massachusetts Department of Correction ("DOC") to provide sex offender treatment services at the Treatment Center.  The remaining allegations in paragraph 9 are conclusions of law which require no response.

## HISTORY OF THE TREATMENT CENTER AND THE PREVIOUS FEDERAL CONSENT DECREE LITIGATION

10.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 10.

11.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 11.

12.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 12.

13.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 13.

14.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 14.

15.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 15.

16.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 16.

17.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 17.

18.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 18.

19.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 19.

## **RELEVANT FACTS**

20.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 20.

21.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 21.

22.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 22.

23.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 23.

24.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 24.

25.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 25.

26.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 26.

27.     The Defendant admits that Defendant Rull and Defendant conducted an interview with the Plaintiff on January 29, 2004.

28.     The Defendant admits the allegations contained in paragraph 28.

29.     The Defendant admits that resident John McIntyre was convicted of rape of a child, and that he has escaped from the Treatment Center's lower security housing.

30.     The Defendant admits the Plaintiff requested to be double bunked with either residents March or Parker, and denies the remaining allegations contained in paragraph 30.

31.     The Defendant admits that, during the assessment interview, residents are told that, should they be deemed an appropriate candidate for double bunking and refuse to do so, they will be subject to removal from the general population, placed in the minimum privilege unit, and given an Observation of Behavior Report.  To the extent further answer is required, the Defendant denies the remaining allegations contained in paragraph 31.

32.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 32.

33.     The Defendant admits the allegations contained in paragraph 33.

34.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 34.

35.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 35.

36.     The Defendant denies the allegations contained in paragraph 36.

37.     The Defendant denies the allegations contained in paragraph 37.

38.     The Defendant denies the allegations contained in paragraph 38.

39.     The Defendant denies the allegations contained in paragraph 39.

40.     The Defendant denies the allegations contained in paragraph 40.

41.     The Defendant denies the allegations contained in paragraph 41.

42.     The Defendant denies the allegations contained in paragraph 42.

43.     The Defendant denies the allegations contained in paragraph 43.

44.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 44.

45.     The Defendant denies the allegations contained in paragraph 45.

46.     The Defendant denies the allegations contained in paragraph 46.

47.     Paragraph 47 contains mere statements and/or conclusions of law to which no response is required or given.  To the extent that an answer is deemed to be required, the Defendant denies the allegations contained in paragraph 47.

48.     The Defendant denies the allegations contained in paragraph 48.

## CAUSES OF ACTION

49.     The Defendant restates his responses to paragraphs 1 through 48 and incorporates those responses herein.

50.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 50.

51.     The Defendant denies the allegations contained in paragraph 51.

52.     The Defendant denies the allegations contained in paragraph 52.

53.     The Defendant denies the allegations contained in paragraph 53.

54.     The Defendant denies the allegations contained in paragraph 54.

## PRAYERS FOR RELIEF

The Defendant denies that the Plaintiff is entitled to any relief, whether requested or not. The Defendant further respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint and award the Defendant damages, costs, and attorney's fees.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief may be granted against the Defendant.

## SECOND AFFIRMATIVE DEFENSE

The Defendant is entitled to the protection of qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

The Defendant at all times acted reasonably, in good faith, within his official discretion and not in disregard of settled principles of constitutional law with respect to all matters alleged in the Plaintiff's Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Because of his own acts or omissions, the Plaintiff is estopped from raising any of the claims he may have against the Defendant for any claims set forth in his Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant is entitled to sovereign immunity.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant is immune from liability.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant was justified in his acts and conduct and, therefore, is not liable to the Plaintiff as alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant has not violated any clearly established rights of the Plaintiff and, consequently, is immune from liability.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff cannot recover on the claims set forth in the Complaint as the Defendant is immune from liability for damages for acts committed in his official capacity.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff cannot recover on the claims set forth in his Complaint as the Defendant is entitled to absolute immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendant is not liable to the Plaintiff under the theory of Respondeat Superior.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant hereby gives notice that he intends to rely upon such other and further defenses that may become available or apparent during the course of this case, and hereby reserves the right to amend his Answer to assert any such defense.

## JURY DEMAND

The Defendant demands a trial by jury on all issues so triable.

                                                Respectfully Submitted,
                                                Defendant Stephen Corrigan
                                                By his Attorney

                                                /s/ Kevin W. Mulvey
                                                Kevin W. Mulvey, Esq.
                                                Mulvey, Sneider & Freyman, PC
                                                1244 Boylston Street, Suite 200
                                                Brookline, MA  02467
                                                Telephone: (617) 278-1881
                                                Facsimile: (617) 278-1888
                                                BBO #: 642914

Dated: February 13, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the above *Answer and Jury Claim of Defendant Stephen Corrigan* on the following parties via first class mail:

| | |
|---|---|
| Christopher Alves | Brian P. Mansfield, Esq. |
| 30 Administration Road | Massachusetts Treatment Center |
| Bridgewater, MA  02324 | 30 Administration Road |
| | Bridgewater, MA  02324 |

                                                /s/ Kevin W. Mulvey_____
                                                Kevin W. Mulvey, Esq.

                                                  Mulvey, Sneider & Freyman, PC
                                                  1244 Boylston Street, Suite 200
                                                  Brookline, MA  02467
                                                  Telephone: (617) 278-1881
                                                  Facsimile: (617) 278-1888
                                                  BBO#: 642914

Dated:  February 13, 2007